# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-03671-TWP-DLP |
| | ) | |
| VETERANS CANTEEN SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) by Defendant Veterans Canteen Service ("VCS") (Filing No. 6). Plaintiff John Morgan ("Morgan") initiated this action in an Indiana state small claims court, seeking reimbursement for work expenses that he incurred on behalf of VCS during travel to Las Vegas, Nevada and Texas. VCS removed the case from state court to this Court and then moved to dismiss the case for lack of subject matter jurisdiction based on sovereign immunity. For the following reasons, the Court **grants** VCS's Motion to Dismiss.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Morgan as the non-moving party. *See Bielansky v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

VCS is part of the Department of Veteran Affairs and "is an instrumentality of the United States, created for the primary purpose of making available to veterans of the Armed Forces who are hospitalized or domiciled in hospitals and homes of the Department, at reasonable prices, articles of merchandise and services essential to their comfort and well-being." 38 U.S.C. § 7801.

Morgan traveled to Texas and incurred work expenses on behalf of VCS. He also traveled to Las Vegas and incurred work expenses on behalf of VCS, including petty cash purchases. Morgan alleges that VCS failed to reimburse the costs related to travel and the petty cash purchases made on behalf of VCS.

On September 18, 2017, Morgan asserted a claim for monetary damages against VCS in Hancock County's small claims court. He requested $6,000.00 plus 21% interest for the work expenses he incurred for travel to Texas and Las Vegas and the petty cash purchases (Filing No. 1-1). Because VCS is an agency or instrumentality of the United States, it removed the action from state court to this Court on October 13, 2017, pursuant to 28 U.S.C. § 1442(a) (Filing No. 1). Thereafter, on December 11, 2017, VCS filed its Motion to Dismiss for lack of subject matter jurisdiction (Filing No. 6). VCS's Motion is based on its sovereign immunity against claims for monetary damages brought in state court.

## II.  LEGAL STANDARD

*Pro se* complaints such as that filed by Morgan, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). For the purposes of a motion to dismiss under Rule 12(b)(1), district courts accept all well-pleaded factual allegations as true and construe all reasonable inferences in the plaintiff's favor. *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing the elements necessary for jurisdiction. *Scanlan*, 669 F.3d at 841–42. In ruling on a motion under Rule 12(b)(1), district courts may look beyond the complaint's jurisdictional allegations and consider whatever evidence has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66

F.3d 894, 897 (7th Cir. 1995). As the party asserting jurisdiction, the plaintiff has the burden of showing that the United States has waived its sovereign immunity with respect to the claims. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

### III.  DISCUSSION

Morgan alleges that VCS should pay monetary damages for its failure to reimburse travel related expenses. In response to Morgan's Complaint, VCS argues that Morgan's claim for monetary damages is barred by VCS's sovereign immunity absent an explicit waiver of that sovereign immunity that would allow a claim for monetary damages to be brought in state court. VCS points out that, absent a waiver of sovereign immunity, the Court lacks subject matter jurisdiction over claims for monetary damages against the United States and its agencies. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Any waiver of sovereign immunity must be unequivocally expressed in statutory text and cannot be implied. *See Lane v. Pena*, 518 U.S. 187, 192 (1996).  The plaintiff bears the burden of establishing that any waiver of sovereign immunity encompasses his claims. *See Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002).

VCS also notes, "When a case is removed from a state court pursuant to 28 U.S.C. § 1442, the district court's basis for jurisdiction is only derivative of that of the state court." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 315 (7th Cir. 1994).  Thus, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Id.* at 316.

Morgan does not assert that VCS waived sovereign immunity, and he has not pointed to any statute supporting waiver. Instead, in his response to the Motion, Morgan acknowledges the jurisdictional issue and explains that he has initiated a new lawsuit in federal court for this same claim ("I have moved this to federal court and they are in process of serving summons . . no1:18-cv-00463-JM-DML.") (Filing No. 10). That related case is now pending before the undersigned.

VCS's argument regarding a lack of subject matter jurisdiction, sovereign immunity, and a lack of waiver of immunity is well taken and supported by law. Morgan acknowledges this. Therefore, the Court determines that VCS's Motion to Dismiss should be **granted**.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** VCS's Motion to Dismiss (Filing No. 6), and this action is **dismissed without prejudice** for lack of subject matter jurisdiction. Final judgment will issue under a separate order. Morgan's claim, dismissed without prejudice in this action, may be litigated by the parties in Morgan's newly filed case, No. 1:18-cv-00463-TWP-DLP.

**SO ORDERED.**

Date: 6/29/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Morgan
117 Fountain Lake Drive
Greenfield, Indiana 46140

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE
Gina.Shields@usdoj.gov